UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Antonio Zamora
and other similarly situated individuals,

      Plaintiff(s),

v.


Senior Care Residences Sapphire Lakes
at Naples, L.L.C. d/b/a The Pineapple House
at Sapphire Lakes

      Defendant,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANTONIO ZAMORA, and other similarly

situated individuals, by and through the undersigned counsel, and hereby sues

Defendant SENIOR CARE RESIDENCES SAPPHIRE LAKES AT NAPLES, L.L.C.,

d/b/a THE PINEAPPLE HOUSE AT SAPPHIRE LAKES, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages

    under the laws of the United States.  This Court has jurisdiction pursuant to

the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ANTONIO ZAMORA is a covered employee for purposes of the Act. The Plaintiff is a resident of Broward, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff is a covered employee for purposes of the Act.

3. Defendant SENIOR CARE RESIDENCES SAPPHIRE LAKES AT NAPLES, L.L.C., d/b/a THE PINEAPPLE HOUSE AT SAPPHIRE LAKES, (hereinafter THE PINEAPPLE HOUSE, or Defendant) is a Florida corporation, having a place of business in Collier County, Florida, where Plaintiff worked. Defendant was engaged in interstate commerce. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Collier County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff ANTONIO ZAMORA as a collective action to recover from the Defendant overtime compensation, retaliatory liquidated damages, and the costs and reasonable attorney's fees

under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being properly compensated.

6. Defendant THE PINEAPPLE HOUSE is an Assisted Living Facility located at 7901 Radio Rd, Naples, Florida 34104, where Plaintiff worked.

7. Defendant THE PINEAPPLE HOUSE employed Plaintiff ANTONIO ZAMORA approximately from June 30, 2020, to December 28, 2020, or 26 weeks.

8. Plaintiff was employed as a non-exempted full-time, hourly, kitchen employee. Plaintiff had duties as a dishwasher, and cleaning person. During the relevant employment period, Plaintiff was paid a wage rate of $13.00 per hour.

9. While employed by Defendant Plaintiff had an irregular schedule. Plaintiff worked 5 days per week, morning and afternoon shifts. Every week Plaintiff completed between 42 and 53 working hours. Plaintiff was paid correctly for overtime hours.

10. However, during his employment Plaintiff worked off-the-clock hours that were not paid to him at any rate.

11. Defendant deducted from Plaintiff's working hours 30 minutes daily, or 2.5 hours weekly, corresponding to 30 minutes of lunchtime, even though Plaintiff was unable to take bonafide lunchbreaks. This lunchtime represents 2.5 off-the-clock hours every week.

12. At least 3 times per week, Plaintiff was required to clock out and stayed working at least 30 minutes to complete his assigned duties, which represent 1.5 off the clock hours every week.

13. Thus, during his time of employment with Defendant, Plaintiff worked a total of 4 off-the-clock hours that constitute additional overtime hours that were not paid at any rate, not even the minimum wage rate.

14. Plaintiff clocked in and out, and Defendant was able to keep track of the number of hours worked by Plaintiff. Defendant was in absolute control of the hours worked by Plaintiff and other similarly situated individuals, and Plaintiff was required to work off-the-clock hours by his superiors.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of hours worked.

17. On or about December 28, 2020 Plaintiff resigned from his position to pursue better working conditions.

18. Plaintiff is not in possession of time and payment, but he will provide a good faith estimate of unpaid off-the-clock overtime hours based on his recollections. After discovery, Plaintiff will adjust his statement of claim accordingly.

19. Plaintiff ANTONIO ZAMORA seeks to recover off the clock overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

21. Plaintiff ANTONIO ZAMORA re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant THE PINEAPPLE HOUSE was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is an assisted living facility that provides healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise coverage.

23. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as a dishwasher and cleaning employee in the kitchen of the facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

24. For the reasons stated above Defendant, THE PINEAPPLE HOUSE must comply with the minimum and overtime wage requirements of the FLSA.

25. Defendant THE PINEAPPLE HOUSE employed Plaintiff ANTONIO ZAMORA approximately from June 30, 2020, to December 28, 2020, or 24 weeks.

26. Plaintiff was employed as a non-exempted full-time, hourly, kitchen employee, and he had duties as dishwasher and cleaning person. Plaintiff was paid at the wage rate of $13.00 an hour.

27. While employed by Defendant Plaintiff had an irregular schedule. Plaintiff worked 5 days per week, morning and afternoon shifts. Every week Plaintiff completed between 42 and 53 working hours. Plaintiff was paid correctly for overtime hours.

28. However, during his employment Plaintiff worked off-the-clock hours that were not paid to him at any rate.

29. Defendant deducted from Plaintiff's working hours 30 minutes daily, or 2.5 hours weekly, corresponding to 30 minutes of lunchtime, even though Plaintiff was unable to take bonafide lunch breaks. This lunchtime represents 2.5 off-the-clock hours every week.

30. Also, at least 3 times per week, Plaintiff was required to clock out and stay working at least 30 minutes to complete his assigned duties, this time represents 1.5 off the clock hours every week.

31. Thus, during his time of employment with Defendant, Plaintiff worked a total of 4 off-the-clock hours that constitute additional off-the-clock overtime hours that were not paid at any rate, not even the minimum wage rate.

32. Plaintiff clocked in and out, and Defendant was able to keep track of the number of hours worked by Plaintiff.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of hours worked.

35. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of days and hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on preliminary calculations. Thus, these figures would be subject to modifications after discovery.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

One Thousand Eight Hundred Seventy-Two Dollars and 50/100 ($1,872.00)

    b.  <u>Calculation of such wages</u>:

Relevant weeks of employment:  24 weeks
 Total number of relevant weeks: 24weeks
Total off the clock hours worked:  4 hours off-the-clock hours weekly
Regular rate: $13.00 x 1.5 = $19.50 an hour
O/T rate: 19.50 an hour

O/T rate $19.50 x 4 off-the-clock hours=$78.00 weekly x 24 weeks=$1,872.00

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

38. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those

similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. Defendant THE PINEAPPLE HOUSE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

41. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ANTONIO ZAMORA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ANTONIO ZAMORA and other similarly situated individuals and against the Defendant THE PINEAPPLE HOUSE based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ANTONIO ZAMORA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in

excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ANTONIO ZAMORA demands trial by a jury of all issues triable as of right by a jury.

Dated: February 8, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*